# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LAURA M. HEPPOLETTE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DFJ VINHOS, S.A. a Portuguese ) <br> Corporation, and JESSICA HAULTER, ) <br> ) <br> Defendants. ) | Case No.: <br> 1:23-cv-05844-JPB |

## DEFENDANT JESSICA HAULTER'S
## MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF

COMES NOW, Defendant Jessica Haulter ("Haulter" or "Defendant"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(2), hereby files this Memorandum of Law in support of its Motion to Dismiss Plaintiff's Complaint, respectfully showing this Court as follows:

### I.   INTRODUCTION AND STATEMENT OF FACTS

Plaintiff alleges that this diversity action involves "the Defendants' intentional infringement of Plaintiff's original photography work for financial gain and commercial purposes." Plaintiff's Complaint, ¶1. More specifically, Plaintiff alleges that while she was dog-sitting Haulter's English bulldog in New Jersey in June 2006,

Plaintiff took a photograph, using her own camera, of Haulter's dog without the knowledge of Haulter and in the absence of any involvement by Haulter, who at that time resided in New York. Plaintiff's Complaint, ¶¶13-17. Plaintiff then posted the picture (the "Copyrighted Photograph") to her Flikr.com account which was available to the general public under common usage licenses. Plaintiff's Complaint, ¶¶18-25. Years later, in 2015, Plaintiff alleges that Defendant DFJ Vinhos used the Copyrighted Photograph as the basis for a coal pencil illustration in the marking and distribution of its wine for commercial gain without the approval of or compensation to Plaintiff. Plaintiff's Complaint, ¶¶40-41.

In April 2023, Plaintiff alleges that her husband noticed the similarity between the labels on Defendant DFJ Vinhos wine and the Copyrighted Photograph and sent a picture to Plaintiff. Plaintiff's Complaint, ¶¶42-43. On or about April 18, 2023, Plaintiff alleges she sent an Instagram message to Haulter comparing the Copyrighted Photograph with the coal pencil label and Haulter "responded that she would reach out to a 'lawyer friend' to ask for advice." Plaintiff's Complaint, ¶¶45-46. Plaintiff subsequently alleges that Haulter fraudulently obtained her own copyright of the original photograph (the "Haulter Copyright") and informed Plaintiff, via electronic communication on June 22, 2023, that "a lawsuit would be filed 'in the US Court' and 'they will be served later this week.'" Plaintiff's Complaint, ¶¶47, 54. This copyright infringement lawsuit was subsequently filed by

Haulter against Defendant DFJ Vinhos on July 10, 2023 in the Middle District of Florida (the "Florida Action"), where Haulter resided at all relevant times in 2023. Plaintiff's Complaint, ¶56; Affidavit of J. Haulter, ¶ 2 (attached as Exhibit A).

As part of the Florida Action, Plaintiff alleges that Haulter wrongfully claimed that she took the original photograph herself. Plaintiff's Complaint, ¶60. Plaintiff further alleges that in order for Haulter to have obtained the Copyrighted Photograph, she copied the image "from Plaintiff's personal webpage at www.lauralatham.com where Plaintiff also uploaded the Copyrighted Photograph." Plaintiff's Complaint, ¶60. Plaintiff then alleges that on or about July 24, 2023, Haulter "electronically messaged Plaintiff that '[t]hey were served and I just got off the phone with the lawyer and they are filing a bunch of paperwork to have it moved to Portugal and out of the US. So, not ideal....'" Plaintiff's Complaint, ¶65.

Overall, Plaintiff now asserts causes of action against Haulter for 1) declaratory relief pertaining to the Haulter Copyright and Copyrighted Photograph and 2) willful infringement on Plaintiff's Copyrighted Photograph with the intent to profit, material misrepresentations in obtaining the Haulter Copyright, and knowingly providing materially false information to Defendant DFJ Vinhos concerning a settlement agreement in the Florida Action by claiming the Copyrighted Photograph as her own with the intent to profit therefrom. Plaintiff's Complaint, ¶ 97-116.

Dismissal of Plaintiff's claims against Haulter is warranted because Plaintiff has failed to allege sufficient facts to warrant personal jurisdiction over Haulter via either general or specific jurisdiction and any such exercise of personal jurisdiction over Defendant by this Court would offend traditional notions of fair play and substantial justice.

## II.   ARGUMENT AND CITATION TO AUTHORITY

### A. Personal Jurisdiction Standard

Federal Rule of Civil Procedure 12(b)(2) provides the basis for a Motion to Dismiss due to a lack of personal jurisdiction. The plaintiff has the burden of establishing a *prima facie* case of personal jurisdiction, which must consist of enough evidence to withstand a directed verdict. *See Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006). As such, "[t]he district court must construe the allegations in the complaint as true, to the extent that they are uncontroverted by defendant's affidavits or deposition testimony." *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988). Where the evidence presented by the opposing parties is in conflict, the court must make all reasonable inferences in favor of the plaintiff. *Id.* The court's exercise of personal jurisdiction over a party must comply with the constitutional requirements of due process, which contemplate two types of jurisdiction over the person or entity—

general and specific jurisdiction. *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1292 (11th Cir. 2000).

### B. Plaintiff Cannot Establish General Jurisdiction.

General personal jurisdiction arises from a defendant's contacts with the forum that are unrelated to the cause of action being litigated. *Id*. The Court may exercise general jurisdiction over a nonresident if the nonresident has contacts with Georgia that "are so 'continuous and systematic' as to render [her] essentially at home in" Georgia. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). "Continuous and systematic" contacts within the forum state subject a defendant to general jurisdiction, even if the contacts with the state are unrelated to the cause of action. *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1292 (11th Cir. 2000). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile[.]" *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).

Because no discovery has been conducted in this action, the Court's jurisdiction decision must be based upon the factual allegations in Plaintiff's complaint unless controverted by defendant's affidavits. *Morris*, 843 F.2d at 492 (11th Cir. 1988). Here, Plaintiff alleges Haulter "is an individual person residing in Orange County, Florida, and a citizen thereof." Plaintiff's Complaint, ¶4. In other

words, **by Plaintiff's own allegations**, Haulter is domiciled in Florida, not the forum State. Nonetheless, Plaintiff alleges this "Court has personal jurisdiction over Haulter because she reached into the State of the Georgia by infringing upon Plaintiff's Copyrighted Photograph through electronic means and directed electronic communications into the State of Georgia." Plaintiff's Complaint, ¶10. These allegations are however wholly insufficient to provide a basis for general jurisdiction.

Haulter is an individual with limited to no connection to the forum State. In other words, Haulter has never regularly distributed, sold, solicited or marketed any products or services, or derived substantial revenues from goods used or consumed or services rendered in the State of Georgia. *See* J. Haulter Aff. ¶ 3. Haulter has not, at any time, maintained a business office within the State of Georgia and does not own or lease any property (real or personal) located within Georgia. *Id.* at ¶ 4. Haulter does not have and has never had any mailing address, post office box number or telephone listing in the State of Georgia. *Id.* at ¶ 5. Haulter does not maintain and has never maintained an office or other business establishment in the State of Georgia. *Id.* at ¶ 6. Haulter has not committed any tort, in whole or in part, in the State of Georgia. *Id.* at ¶ 7. Haulter does not maintain any bank or financial accounts within the State of Georgia or have a relationship with a bank or financial institution

located in the State of Georgia. *Id.* at ¶ 8. Haulter does not regularly solicit business in Georgia through the Internet. *Id.* at ¶ 9.

Haulter is simply an individual residing and domiciled in Florida with limited, if any, connection to Georgia. Given the foregoing, it is clear that Plaintiff can offer no facts showing that Haulter has "continuous and systemic" contacts with Georgia sufficient to meet the necessary threshold requirement to support general jurisdiction in this forum.

### C. Plaintiff Cannot Establish Specific Jurisdiction

Because Plaintiff alleges no facts to support general jurisdiction over Defendant and her domicile is not Georgia, jurisdiction can only be exercised over her if the Court has specific jurisdiction arising from the claims against her in this action. In the absence of general jurisdiction, the court must determine whether it may exercise specific jurisdiction over the non-resident defendant. The court may only exercise such jurisdiction for purposes of claims arising out of that defendant's contacts with the forum related to the present litigation. *See Morris*, 843 F.2d at 491 n.2 ("Specific personal jurisdiction is founded on a party's contacts with the forum state that are related to the cause of action"). In determining whether it has specific jurisdiction, the court must conduct a two-pronged inquiry:

> First, the Court must look to the long arm statute of the forum in which it sits to determine whether the state intended to reach out and exercise personal jurisdiction over the non-resident defendant at issue. If the

> provisions of the long arm statute are satisfied, the Court must then determine whether the non-resident defendant has sufficient minimum contacts with the forum state to satisfy the Due Process Clause of the Fourteenth Amendment such that maintenance of the suit does not offend traditional notions of fair play and substantial justice.

*Railcar, Ltd. v. S. Ill. Railcar Co.*, 42 F. Supp. 2d 1369, 1372 (N.D. Ga. 1999) (internal citations and quotations omitted). Subsection (1) of the Georgia long-arm statute grants state courts authority to exercise personal jurisdiction over any nonresident who transacts any business in the state to the maximum extent permitted by procedural due process. *See* O.C.G.A. § 9-10-91; *Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank of Ames*, 279 Ga. 672, 675 (2005). As such, the court "may pass over analysis of the statute and exercise jurisdiction where the constitutional requirements are satisfied." *Railcar*, 42 F. Supp. 2d at 1372 (citation omitted).

The exercise of personal jurisdiction by a federal court satisfies the requirements of due process when the nonresident defendant has minimum contacts with the forum such that the suit's maintenance does not offend "traditional notions of fair play and substantial justice." *See Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (internal quotations and citations omitted). The Eleventh Circuit has set forth the following test for determining whether a defendant's contacts meet this minimum threshold:

> First, the contacts must be related to the plaintiff's cause of action or have given rise to it. Second, the contacts must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum, thus invoking the benefits and protections of its laws. Third, the defendant's contacts with the forum must be such that the defendant should reasonably anticipate being haled into court there.

*McGow v. McCurry*, 412 F.3d 1207, 1214 (11th Cir. 2005) (quoting *Francosteel Corp. v. M/V Charm*, 19 F.3d 624, 627 (11th Cir. 1994)).

Here, the only contacts that Plaintiff alleges Haulter purposefully made with Georgia are: 1) an April 18, 2023, an Instagram message responding (from an unidentified location) to Plaintiff (a Georgia resident) "that she would reach out to a 'lawyer friend' to ask for advice," 2) obtaining (by unspecified means) a copy of the Copyrighted Photograph that had been posted by Plaintiff on her Flikr.com for use in obtaining the allegedly "False Haulter Copyright" and using the Copyrighted Photograph in the Florida Action, 3) a June 22, 2023, electronic communication to Plaintiff that "a lawsuit would be filed 'in the US Court' and 'they will be served later this week,'" and 4) a July 24, 2023, electronically message to Plaintiff that "[t]hey were served and I just got off the phone with the lawyer and they are filing a bunch of paperwork to have it moved to Portugal and out of the US. So, not ideal...." Plaintiff's Complaint, ¶¶ 45-47, 54, 60 and 65.

Plaintiff wholly fails to allege sufficient facts to establish that any of her claims arise from or relate to any contact Defendant may have had with the State of

Georgia. "In this Circuit, ... a tort 'arise[s] out of or relate[s] to' the defendant's [contact with the forum state] if the [contact] is a 'but-for' cause of the tort." *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1314 (11th Cir. 2018) (alterations in original) (quoting *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1222-23 (11th Cir. 2009)).

These contacts occurred after the Georgia Plaintiff suffered the harm underlying her cause of action in this case—the alleged misappropriation of the Copyrighted Photograph by Defendant DFJ Vinhos sometime in 2015. Therefore, Defendant's electronic communications with Plaintiff—no less than eight years after the purported misappropriation of the Copyrighted Photograph—were not the but-for cause of the Georgia Plaintiff's harm; thus Defendant's contacts with Georgia do not arise out of or relate to Plaintiffs' cause of action. Accordingly, the Court cannot exercise personal jurisdiction over Defendant, and Plaintiff's claims against her must be dismissed.

As to the second and third prongs, these limited contacts plainly do not involve any act by which Haulter purposefully availed herself of the privilege of conducting activities within the forum—thus invoking the benefits and protections of its laws— nor are these contacts with the forum such that the Haulter should reasonably have anticipated being hauled into court in Georgia. *See Imageline, Inc. v. Fotolia LLC*, 663 F. Supp. 2d 1367 (N.D. Ga. 2009)(holding defendant could not have reasonably

anticipated being haled into Georgia courts as a result of hosting Georgia users' images on its website and did not specifically target residents of Georgia with its business model or advertising and did not conduct a significant quantity of business in Georgia); *See also Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1251 (11th Cir. 2000) (finding no personal jurisdiction based on one telephone call and no visits to the forum state); *Aviles v. Kunkle*, 978 F.2d 201, 205 (5th Cir. 1992) (holding that one telephone call and one letter into the forum state insufficient to justify exercising personal jurisdiction over the defendant); *Patterson v. Dietze, Inc.*, 764 F.2d 1145, 1147 (5th Cir. 1985) (telephone calls and payments wired by defendant to the forum state and contracts entered into with forum shipowners insufficient to establish that the defendant purposefully availed itself of the forum); Rather, Haulter, while in Florida, simply messaged Plaintiff electronically and sought to protect her own interests against Defendant DFJ Vinhos by pursuing legal action against it in Florida, and filing a federal copyright registration.

Additionally, Plaintiff's claim that she "suffered monetary damages" *in Florida* as a result of any alleged wrongdoing by Haulter does not create the basis for jurisdiction *in Georgia*, even if Plaintiff felt the effects of the alleged injuries in Georgia. Plaintiff's Complaint, ¶112. As stated in *Walden v. Fiore*:

> mere injury to a forum resident is not a sufficient connection to the forum. Regardless of where a plaintiff lives or works, an injury is jurisdictionally relevant only insofar as it shows that the defendant has

formed a contact with the forum State. The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way.

571 U.S. 277 (2014). The Court simply does not have jurisdiction over Haulter in this matter and Plaintiff's Complaint must be dismissed.

### D. Exercising Jurisdiction Over Haulter Would Offend "Traditional Notions of Fair Play and Substantial Justice."

Even if minimum contacts exist between a defendant and the forum state, the exercise of personal jurisdiction over a nonresident defendant will fail to meet due process requirements if the assertion of jurisdiction offends "traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316; *Burger King*, 471 U.S. at 477–78. Thus, the final test of the due process analysis requires a court's exercise of personal jurisdiction over a nonresident defendant to be fair and reasonable.

Because Plaintiff is unable to establish minimum contacts on the part of Haulter with the State of Georgia, the exercise of personal jurisdiction over Haulter would necessarily offend the "traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316. Even if the Court were to find such contacts, the exercise of personal jurisdiction over Haulter in Georgia would be fundamentally unfair given the facts of this case.

### III.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss should be GRANTED and Plaintiff's Complaint should be dismissed in its entirety.

Respectfully submitted this 11th day of January, 2024.

**WEINBERG WHEELER HUDGINS GUNN & DIAL, LLC**

/s/ Hilliard Burton
Nicholas P. Panayotopoulos
Georgia Bar No. 560679
npanayo@wwhgd.com
J. Hilliard Burton
Georgia Bar No. 703213
hburton@wwhgd.com
3344 Peachtree Road, NE
Suite 2400
Atlanta, GA  30326
(404) 876-2700 / (404) 875-9433 (fax)

**COFFY LAW, LLC**

Emmanuel Coffy *(pro hac vice pending)*
New Jersey Bar No. 047132004
Emmanuel.coffy@coffylaw.com
515 Valley Street
Suite 1
Maplewood, NJ  07040
(973) 375-1804 / (973) 996-2952 (fax)

*Attorneys for  Defendant Jessica Haulter*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, the undersigned counsel certifies that the foregoing brief has been prepared in Times New Roman 14 point, one of the four fonts and points approved by the Court in Local Rule 5.1(C).

/s/ Hilliard Burton
J. Hilliard Burton
Georgia Bar No. 703213

## **CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed the foregoing **DEFENDANT JESSICA HAULTER'S MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF** with the Clerk of Court by using the CM/ECF system, and that I served a copy of such filing via US mail and electronic mail to:

> Bryan M. Knight
> Jonathan M. Palmer
> Nicholas Sears
> W. Lawton Jordan
> KNIGHT PALMER, LLC
> One Midtown Plaza
> 1360 Peachtree Street, Suite 1201
> Atlanta, Georgia 30309
> *Attorneys for Plaintiff*

This 11th day of January, 2024.

/s/ Hilliard Burton
J. Hilliard Burton
Georgia Bar No. 703213